# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| HEALTHMATE INTERNATIONAL, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-0761-CV-W-BP |
| | ) |
| TIMOTHY W.T. FRENCH, and | ) |
| RAMPANT LION LLC, | ) |
| | ) |
| Defendants. | ) |

### ORDER AND OPINION (1) GRANTING HEALTHMATE'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AND (2) DENYING RAMPANT LION'S MOTION FOR EQUITABLE RELIEF

Plaintiff Healthmate International, LLC initiated this suit, asserting three claims of copyright infringement against Defendants Timothy French and Rampant Lion LLC. Rampant Lion asserted counterclaims for false advertising under the Lanham Act, tortious interference with contract or business expectancy, and unfair competition. The Court granted summary judgment to Healthmate on Rampant Lion's Lanham Act claim, (Doc. 176), and the remaining claims were tried to a jury. As relevant to the pending motion, the jury found that Healthmate tortiously interfered with Rampant Lion's business expectancies and awarded Rampant Lion $5,000 in actual damages and $5,000 in punitive damages. (Doc. 241, p. 7.)[1] Healthmate has filed a Renewed Motion for Judgment as a Matter of Law, (Doc. 259), which asks the Court to enter judgment as a matter of law for Healthmate on this counterclaim. Healthmate's motion is **GRANTED**, and judgment will be entered for Healthmate on this claim.[2]

---

[1] All page numbers are those generated by the Court's CM/ECF system.

[2] In light of this ruling, Rampant Lion's motion for equitable relief, (Doc. 244), is **DENIED**.

# I. BACKGROUND

Rampant Lion's counterclaim for tortious interference was based on two discrete factual scenarios. One involved online postings made by Healthmate that allegedly caused a Chinese manufacturer to withdraw a lucrative contract offer it previously made to Rampant Lion. The other scenario involved the conduct of Healthmate representatives at what was referred to during the trial as the November 2015 "Douglas Trade Show,"[3] which allegedly resulted in a loss of sales to customers at the trade show. Based on the damages awarded, it is clear that the jury based its verdict in Rampant Lion's favor on the events at the Douglas Trade Show.[4]

In summary, the Douglas Trade Show is a large event where small business owners set up booths and sell a wide range of products (apparel, jewelry, electronic devices, home décor, etc.) to members of the public and other businesses. It is the largest such event in Hawaii and is attended by more than 6,000 buyers. Testimony was presented at trial demonstrating that Healthmate's co-owner (Shawn Chen) and another Healthmate representative (Frank Ramirez) attended the November 2015 Douglas Trade Show. There, they interacted with potential customers near Rampant Lion's booth to discourage the customers from buying Rampant Lion's products.

Healthmate's arguments focus on the evidence of Rampant Lion's damages. Testimony on this issue was offered by Rampant Lion's co-owner, Timothy French. He explained that the November trade show is the busiest because of its proximity to the Christmas season and that Rampant Lion (or its predecessor)[5] had attended the past six November shows. He testified that

---

[3] This event was also identified as the November 2015 Kauai Market Merchandise Expo.

[4] The parties implicitly acknowledge this, given that their arguments focus on facts surrounding the Douglas Trade Show.

[5] Rampant Lion was formed in April 2014, (Doc. 245, p. 87), so French's testimony about sales for the prior six years could not have been a reference to only Rampant Lion's sales.

in 2014 Rampant Lion had sales of "about 12,000" and in 2015 was "hoping to do even better, but I know we lost at least 10,000." (Doc. 248, p. 108.) French also testified that Rampant Lion's sales at the November 2015 show were only $2,000, (Doc. 248, pp. 107-08, 120), and that the anticipated profit on the predicted lost sales of $10,000 would have been $7,000. (Doc. 248, p. 135.) However, the only records admitted into evidence demonstrated Rampant Lion's sales from April 2014 through April 2015. (Doc. 248, pp. 133-34, 137-38.) There was no documentation or other evidence of Rampant Lion's sales at the November Douglas Trade Show for any prior year. There was also no documentation of Rampant Lion's sales in 2015, Rampant Lion's actual or expected profits for 2015, or Rampant Lion's actual profits for any year prior to 2015.

Healthmate contends that it is entitled to judgment as a matter of law because the evidence that Rampant Lion lost anticipated profits was too speculative to support the jury's verdict. Rampant Lion argues that French's testimony was sufficient to establish both the existence and amount of Rampant Lion's expected profits in 2015. The Court agrees with Healthmate, and for that reason grants its motion.[6]

## II. DISCUSSION

Healthmate has renewed the Motion for Judgment as a Matter of Law it made during the trial. Fed. R. Civ. P. 50(b).[7] In considering the motion, the Court cannot weigh the evidence;

---

[6] Healthmate also argues that Rampant Lion did not timely disclose its calculation of damages. In light of the Court's holding there is no need to address this issue.

[7] Rampant Lion contends that Healthmate erroneously stated that it made a Motion for Judgment as a Matter of Law at the close of Rampant Lion's case and at the close of all the evidence. However, Rampant Lion does not provide a legal basis for the Court to not consider Healthmate's motion. (Doc. 267, pp. 2-3 & n.1.) Rule 50(b)(2) states that the motion "may be made at *any time* before the case is submitted to the jury." (emphasis supplied). The Court's independent research found no cases establishing that the motion must be made at the close of the plaintiff's case. *See Bank of America, N.A. v. JB Hanna, LLC,* 766 F.3d 841, 850 (2006 amendments to Rule 50 removed need to make motion at close of all evidence, but motion must be made before case is submitted to jury). For these reasons, the Court is not persuaded that it needs to independently delve into the issue.

instead it must construe the evidence in the light most favorable to the jury's verdict. *E.g., Letterman v. Does,* 859 F.3d 1120, 1124 (8th Cir. 2017). "Judgment as a matter of law is appropriate only when all of the evidence points one way and is susceptible of no reasonable inference sustaining the position of the nonmoving party." *Id.* (quotations omitted). Reasonable inferences are those that may be drawn from the evidence without resort to speculation. *E.g., Schooley v. Orkin Extermination Co.,* 502 F.3d 759, 764 (8th Cir. 2007).

The parties agreed that the tortious interference claim would be governed by Missouri law. (Doc. 229, p. 54.) "The general rule under Missouri law is that anticipated profits of a commercial business are too remote and speculative to warrant recovery. They can only be recovered when they are made reasonably certain by proof of actual facts, with present data for a rational estimate of their amount." *Tipton v. Mill Creek Gravel, Inc.,* 373 F.3d 913, 918 (8th Cir. 2004) (quotations and citations omitted). The facts necessary to make anticipated profits sufficiently certain "consist of income and expenses of the business for a reasonable time anterior to its interruption, with a subsequent establishment of net profits during the previous period. Such facts are indispensable." *Gesellschaft Fur Geratebau v. GFG America Gas Detection, Ltd.,* 967 S.W.2d 144, 147 (Mo. Ct. App. 1998); *see also Coonis v. Rogers,* 429 S.W.2d 709, 714 (Mo. 1968); *Ozark Employment Specialists, Inc. v. Beeman,* 70 S.W.3d 882, 897 (Mo. Ct. App. 2002). "An unsupported opinion or estimate of a loss of profits is generally held to be insufficient." *Tipton,* 373 F.3d at 917 (quotation omitted).

The evidence at trial does not satisfy the standards required under Missouri law. French estimated that Chen's and Ramirez's conduct caused it to lose $10,000 in sales and $7,000 in profits. This estimate, alone, was insufficient – it needed to be supported with evidence of Rampant Lion's income, expenses, and net profits, but all that Rampant Lion offered to support

4

French's prediction was the prior year's sales. Rampant Lion points out that French was Rampant Lion's co-owner, but this fact does not mean that French's testimony was sufficient. Missouri law requires more than an estimate from the business' owner; it requires evidence supporting the owner's testimony to insure that the prediction of profits is not the product of speculation. Here, there was no such support: there was no evidence of Rampant Lion's expenses or past profits, much less a basis (other than French's anticipation) that the results at the 2015 show would have been at least the same as the results in 2014.

Rampant Lion also points to cases discussing how the amount of future profits can be proved, but these cases address a different issue entirely. Before establishing the amount of profits, Rampant Lion had to establish the *fact* of lost profits. It proved it had sales at the 2014 Douglas Trade Show, but did not provide any evidence of its expenses or profits. This was insufficient to establish that Rampant Lion would have had the same sales at the 2015 Douglas Trade Show, much less the existence of any profits in 2015. Moreover, there was no support or explanation for French's bare statement that the profits on the lost sales of $10,000 would have been $7,000. Therefore, Rampant Lion did not satisfy the requirements for proving that it suffered damage, so the award of actual damages cannot stand. And, as a consequence, the corresponding award of punitive damages cannot stand because "[w]here there is no evidence of actual damages, a party is not entitled to punitive damages." *GFG America,* 967 S.W.2d at 148.[8]

---

[8] Rampant Lion properly observes that nominal damages can support an award of punitive damages, but the jury did not award nominal damages (nor was it asked to). Absent an award of actual or nominal damages, the punitive damage award cannot stand. *See, e.g., Ellison v. Fry,* 437 S.W.3d 762, 777 (Mo. 2014) (en banc); *Herberholt v. DePaul Community Health Center,* 625 S.W.2d 617, 624 (Mo. 1981) (en banc).

## III.  CONCLUSION

Healthmate's Motion for Judgment as a Matter of Law is **GRANTED**, and judgment is entered in favor of Healthmate on Rampant Lion's counterclaim for tortious interference.

**IT IS SO ORDERED.**

                                                      /s/ Beth Phillips
                                                      BETH PHILLIPS, JUDGE
DATE:  October 31, 2017                      UNITED STATES DISTRICT COURT