# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| HEALTHMATE INTERNATIONAL, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-0761-CV-W-BP |
| | ) |
| TIMOTHY W.T. FRENCH, and | ) |
| RAMPANT LION LLC, | ) |
| | ) |
| Defendants. | ) |

## ORDER AND OPINION DENYING (1) PLAINTIFF'S MOTION FOR ACCOUNTING, PERMANENT INJUNCTION, AND DESTRUCTION AND (2) DEFENDANT'S MOTION TO STRIKE

Plaintiff Healthmate International, LLC initiated this suit, asserting three claims of copyright infringement against Defendants Timothy French and Rampant Lion LLC. Rampant Lion asserted counterclaims for false advertising under the Lanham Act, tortious interference with contract or business expectancy, and unfair competition. The Court granted summary judgment to Healthmate on Rampant Lion's Lanham Act claim, (Doc. 176), and the remaining claims were tried to a jury. As relevant to the pending motion, the jury found that Rampant Lion infringed on two of the three copyrights and awarded Healthmate $750 on each of those two claims. (Doc. 241, pp. 1-3.)[1] However, the jury found that French did not infringe on any of the copyrights. (Doc. 241, pp. 4-6.)

Healthmate has filed a Motion for Accounting, Permanent Injunction, and Destruction. (Doc. 243.) The motion asks the Court to "enter an order of accounting, permanent injunction,

---

[1] All page numbers are those generated by the Court's CM/ECF system.

impounding and destruction" of certain of Rampant Lion's products. (Doc. 243, p. 1.) For the following reasons, Healthmate's motion is **DENIED** in its entirety.[2]

## I. BACKGROUND

Healthmate and Rampant Lion are in the business of selling TENS units. "TENS" stands for Transcutaneous Electrical Nerve Stimulation, and generally speaking TENS units administer electrical current to portions of the body in order to relieve pain. Plaintiff has a Certificate of Registration for three copyrights for graphical displays used on TENS units it sells. All three displays contain a series of picture-based icons that symbolize the TENS unit's various functions. Healthmate alleged that the Defendants infringed on all three copyrights by copying them for use on their TENS units.

The three copyright Registrations at issue bore the following numbers and titles:

- Registration No. VA 1-878-383 titled "Twelve Mode Stimulator", ("the '383 Registration");

- Registration No. VAu 1-145-453 titled "Twelve Mode Stimulator," ("the '453 Registration"); and

- Registration No. VAu 1-145-456 titled "Twenty-Four Mode Stimulator," ("the '456 Registration").

The "modes" referenced in the titles to the three registrations relate to the number of functions that could be performed by the TENS unit in question (and, therefore, the number of functions depicted on each of the displays). Thus, both the '383 Registration and the '453 Registration had twelve modes or functions. The distinguishing feature between these two Registrations was the configuration for the twelve functions: one Registration is for a

---

[2] Rampant Lion's request for a hearing is also denied.

configuration of three columns of four modes (sometimes referred to by the parties as the "wide" design), and the other Registration is for a configuration of two columns of six modes (sometimes referred to by the parties as the "narrow" or "skinny" design). Unfortunately, Healthmate presented conflicting evidence as to which Registration corresponded to each design. During French's testimony, Healthmate elicited evidence and discussed documents (including its Complaint, which was later entered into evidence) establishing that the '383 Registration was the wide design and the '453 Registration was the narrow design. (*E.g.,* Doc. 245, pp. 54-65; 78-81.) Healthmate later presented conflicting testimony from its co-owner, Shawn Chen, who testified that the previously introduced testimony and documents were incorrect; that the '383 Registration was the narrow design and the '453 Registration was the wide design. (Doc. 246, pp. 134-42.)

The jury found that Rampant Lion infringed the '383 Registration and the '456 Registration, but not the '453 Registration. Thus, the jury found that Rampant Lion infringed one of the Twelve Mode designs and that it did not infringe on the other Twelve Mode design – but nothing in the jury instructions or the verdict form establishes whether the jury found that Rampant Lion infringed on the "wide" or "narrow" design.

Healthmate now seeks an "accounting, permanent injunction, impounding and destruction of the infringing TENS units" sold by Rampant Lion, which it identifies as any model number "7t212x, where 'x' is any combination of letters, numbers or symbols including but not limited to 'a' and 'si,'" and any model number "7t424x, where 'x' is any combination of letters, numbers or symbols including but limited to 'a'" or any other model with screens derived from these models. (Doc. 243, p. 1.) Rampant Lion interprets the jury's verdict as finding that it infringed the copyright on the wide design and opposes Healthmate's motion because some of

3

the models affected by Healthmate's request (notably, the 7t212si) are narrow designs. Healthmate relies on Chen's testimony to argue that the jury found Rampant Lion infringed on the narrow design. The Court resolves the parties' arguments below.

## II. DISCUSSION

The Court "may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). The Court also "may order the impounding" of copies that violate a copyright owner's exclusive rights. *Id.* § 503(a)(1)(A). Both statutes use the word "may," signifying that the decision to order the specified relief is discretionary. *E.g., Toro Co. v. R&R Products Co.,* 787 F.2d 1208, 1210 n.1 (8th Cir. 1986); *see also eBay v. MercExchange, LLC,* 547 U.S. 388, 392-93 (2006) ("[T]his Court has consistently rejected invitations to [adopt] a rule that an injunction automatically follows a determination that a copyright has been infringed."). Equitable relief is typically ordered when liability has been established, there is a history of continuing infringement, and there is a significant threat of future infringement. *E.g., Olan Mills, Inc. v. Linn Photo Co.,* 23 F.3d 1345, 1349 (8th Cir. 1994); *National Football League v. McBee & Bruno's, Inc.,* 792 F.2d 726, 732 (8th Cir. 1992).

### A. Healthmate's Justification for Equitable Relief

Healthmate's sole justification for the equitable relief it seeks is the judgment at trial, and the only legal authority it cites is the statutes identified above. Healthmate thus has not set forth the governing legal standards, nor has it applied the governing legal standards to explain why relief is justified. In this way Healthmate has not satisfied Local Rule 7.0(a), which states that "[a] written motion must be supported . . . with suggestions, which [contain] relevant facts and applicable law." This failing, alone, justifies denial of the motion, particularly because the Court

4

has no reason to believe that the factors identified in the cases listed above justify equitable relief.³

### B. The Scope of Healthmate's Requested Relief

Separate and apart from Healthmate's failure to justify (factually or legally) an award of additional relief, the scope of the relief requested is broader than can be justified by the jury's verdict. Healthmate seeks relief with respect to several models of Rampant Lion's 12- and 24-mode TENS units, but it is not clear that all of them infringed Healthmate's copyrights. For instance, Healthmate seeks relief with respect to all models "72424x," where "x" is a variable letter, but there was no evidence (or jury determination) that all models in that sequence infringe on Healthmate's copyright. Thus, the relief requested is overly broad.

This general concern is even greater with respect to the 12-mode units, because the jury specifically found that some of the 12-mode designs did not infringe on Healthmate's copyrights. However, consistent with the confusion described in Part I of this Order, the parties cannot agree on which units the jury found were non-infringing. In short: it is clear that the jury found that Rampant Lion infringed on the '383 Registration and that it did not infringe on the '453 Registration. What is not clear is whether the infringing units were the "wide" or "narrow" designs because the evidence conflicted as to which design was described by each Registration. Thus, for instance, Rampant Lion points to the evidence demonstrating that the '383 Registration was the "wide" design to argue that its Model 7t212si – a "narrow" design – is not infringing. Meanwhile, Healthmate relies on the evidence suggesting that the '383 Registration is for the "narrow" design to argue that Rampant Lion's Model 7t12si was found to infringe. However,

---

³ Healthmate provided a more complete statement of the law in its Reply Suggestions, (Doc. 254, pp. 3-4), but the Local Rule requires that the moving party's justifications be presented with the motion, and new arguments presented in Reply Suggestions are generally disregarded. Moreover, while Healthmate's Reply Suggestions identify the legal standard, they do not explain why the legal standard has been satisfied.

the jury was not asked to resolve the discrepancy,[4] so its determination that the '383 Registration was infringed does not tell the Court or the parties (1) whether the jury thought the '383 Registration was the "wide" or "narrow" design, or (2) which Rampant Lion TENS units infringed on the copyright. It is inappropriate for the Court to enjoin the sale, or order the destruction of, any particular TENS unit given this uncertainty about the jury's findings.[5]

Healthmate insists that "the evidence presented to the jury clearly and unambiguously proved that the design associated with [the '383 Registration was the] 12-mode narrow screen," and that "[t]here was no question in the minds of the jury which design was covered by the '383 Registration." (Doc. 254, pp. 1, 3.) This is not a fair characterization of the evidence. Indeed, for support Healthmate relies entirely on Chen's testimony that the Registrations were wrong, while ignoring Healthmate's own prior efforts to demonstrate to the jury that the '383 Registration – the one that the jury found Rampant Lion infringed – referred to the wide screen, while the '453 Registration – the one that the jury found Rampant Lion did not infringe – referred to the narrow screen.

Healthmate also seeks to provide additional documentation to further establish that the '383 Registration is really the wide design and the '453 is really the narrow design. This additional evidence is irrelevant because the question now is not which Registration *actually* corresponds to each design; the question is which Registration *the jury thought* corresponds to

---

[4] Notably, neither party proposed jury instructions or Verdict Forms that would have elicited an answer from the jury on this issue.

[5] While not specifically mentioned by the parties, Model 7t12si (which has only words and no icons and is depicted in the right-most picture at the bottom of page 2 of Healthmate's Reply Suggestions (Doc. 254)) is so dissimilar to Healthmate's copyrighted design that the Court harbors serious doubt that the jury found Model 7t12si infringed on the icon-laden copyright.

each design.  Healthmate's late-proffered documentation cannot answer this question for several reasons, primarily because it was not presented to the jury.[6]

### III.  CONCLUSION

Healthmate did not identify or apply the legal standard for granting equitable relief.  In addition, the jury's verdict does not permit the Court to determine which of Rampant Lion's products were found to infringe on Healthmate's copyrights.  For these independent reasons, Healthmate's motion is **DENIED**.

**IT IS SO ORDERED**.

                                          /s/ Beth Phillips
                                          BETH PHILLIPS, JUDGE
DATE: October 31, 2017                 UNITED STATES DISTRICT COURT

---

[6] This explanation makes it unnecessary to address Rampant Lion's separate Motion to Strike, which asks the Court to disregard this additional evidence.  Accordingly, the Motion to Strike, (Doc. 256), is denied as moot.