# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| HEALTHMATE INTERNATIONAL, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TIMOTHY W.T. FRENCH, and ) <br> RAMPANT LION LLC, ) <br> ) <br> Defendants. ) | Case No. 15-0761-CV-W-BP |

## ORDER AND OPINION DENYING PARTIES' CROSS MOTIONS FOR ATTORNEY FEES AND COSTS

Plaintiff Healthmate International, LLC initiated this suit, asserting three claims of copyright infringement against Rampant Lion LLC and one of its co-owners, Timothy French. Defendants asserted several counterclaims, including one for false advertising under the Lanham Act. Plaintiff prevailed on two of its three copyright claims against Rampant Lion and on the Lanham Act counterclaim. Rampant Lion prevailed on one of the three copyright claims, and French prevailed on all three of the copyright claims asserted against him. Now pending are the parties' cross motions for attorney fees and costs, in which the parties contest who prevailed and the extent to which each party engaged in inappropriate conduct during the litigation.[1] Both motions, (Doc. 255 and Doc. 262), are **DENIED**.[2]

## I. BACKGROUND

Healthmate and Rampant Lion are in the business of selling TENS units. "TENS" stands for Transcutaneous Electrical Nerve Stimulation, and generally speaking TENS units administer

---

[1] The Court will not address this latter category of arguments, other than to observe that both parties engaged in conduct that made the discovery process difficult and inefficient, so neither party gains anything from this issue.

[2] Defendants' separate request for a hearing on Healthmate's motion is also denied.

electrical current to portions of the body in order to relieve pain. Healthmate has a Certificate of Registration for three copyrights for graphical displays used on TENS units it sells. All three displays contain a series of picture-based icons that symbolize the TENS unit's various functions. Healthmate alleged that each of the Defendants infringed on all three copyrights by copying them for use on TENS units sold by Rampant Lion.

Healthmate operates a website through which it sells its products, and its website described some of its products as "FDA approved." As the Court explained in its Order on the summary judgment motions, "[g]iven the technical meanings accorded to the phrases, Plaintiff's products are 'FDA cleared' but not 'FDA approved.' Thus, it was incorrect to say that Plaintiff's products were FDA approved, at least as that phrase is understood in terms of FDA regulations and procedures." (Doc. 176, p. 9.)[3] This false statement gave rise to Defendants' counterclaim under the Lanham Act.

The Lanham Act and the Copyright Act each have separate fee-shifting provisions, and both are at issue. For ease of discussion, the Court will address the Lanham Act first. Additional facts about the claims will be discussed as well.

## II. DISCUSSION

### A. Rampant Lion's Lanham Act Counterclaim[4]

Healthmate relies on its victory on Rampant Lion's Lanham Act counterclaim to justify its fee request. The Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 17 U.S.C. § 1117(a). There is no question that

---

[3] The Court rejected Healthmate's argument that its statement was not false or constituted non-actionable puffery. (Doc. 176, p. 11 & n.10.)

[4] The Counterclaim was ostensibly presented by both Rampant Lion and French, (*e.g.,* Doc. 30, p. 13, ¶ 33), but the nature of the dispute suggests only Rampant Lion had the ability to assert the claim. For ease of discussion, the Court will refer to it as Rampant Lion's counterclaim.

2

Healthmate was the prevailing party on Rampant Lion's Lanham Act claim; the question is whether this was an "exceptional case." Interpreting similar language in the patent statutes, the Supreme Court held that an exceptional case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.,* 134 S. Ct. 1749, 1756 (2014). Before *Octane Fitness* addressed the Patent Act's fee provision, the Eighth Circuit held (in a case involving the Lanham Act) that "[a]n exceptional case is one where the plaintiff's claim is groundless, unreasonable, vexatious, or pursued in bad faith." *Blue Dane Simmental Corp. v. American Simmental Ass'n,* 178 F.3d 1035, 1043 (8th Cir. 1999) (quotation omitted). In addition, "[b]ecause the statute states that the court 'may' award attorney's fees in exceptional cases, the district court retains discretion as to the award of attorney's fees even if it finds a case to be exceptional." *First Nat'l Bank in Sioux Falls v. First Nat'l Bank S. Dakota,* 679 F.3d 763, 771 (8th Cir. 2012).

Healthmate argues that this was an exceptional Lanham Act case because Rampant Lion had no evidence of customer confusion, the Lanham Act claim was asserted as a litigation tactic solely to increase the cost of litigation, and Rampant Lion unreasonably rejected Healthmate's settlement offers. Rampant Lion contends that the fact that it lost the Lanham Act claim does not make it frivolous, and there was nothing exceptional justifying imposition of fees and costs. The Court agrees with Rampant Lion.

In its summary judgment ruling the Court held that Healthmate's statement that its products were "FDA approved" was inaccurate, so to that extent there was a basis for Rampant

3

Lion's claim. Rampant Lion had no evidence of customer confusion, but it sought to avoid the need for it by contending – as permitted by such cases as *United Indus. Corp. v. Clorox Co.,* 140 F.3d 1175, 1180 (8th Cir. 1998) – that Healthmate's statement that its TENS units were "FDA approved" was literally false.[5] The Court rejected this characterization of Healthmate's representation, and held that the general public would not necessarily and unavoidably understand Healthmate's statement to be false. (Doc. 176, pp. 12-13.) Thus, summary judgment was granted because (1) the Court held that Rampant Lion had to present evidence of customer deception and (2) Rampant Lion conceded that it had no evidence of customer deception.

The fact that the Court disagreed with Rampant Lion's analysis does not make the case exceptional; to hold otherwise would make every case in which a party loses "exceptional" and destroy the distinction between the Lanham Act's fee provision and other fee-shifting provisions that merely require that a party prevail to recover fees. Similarly, the fact that Healthmate had to participate in the discovery process did not make this case extraordinary. Finally, the Court declines Healthmate's invitation to consider Defendants' unwillingness to settle. Even if the parties' settlement negotiations could be considered, the relevance of such facts are dubious: the settlement discussions involved a myriad of claims, including Healthmate's copyright claims, and it appears that Healthmate obtained less relief at trial than it would have received in any of its settlement demands, which seems to vindicate Defendants' refusal to settle. Defendants' rejection of a global settlement in this case does not demonstrate that the Lanham Act claim was exceptional.

---

[5] "If a plaintiff proves that a challenged claim is literally false, a court may grant relief without considering whether the buying public was actually misled; actual consumer confusion need not be proved." *United Indus. Corp.,* 140 F.3d at 1180.

Healthmate prevailed on the Lanham Act claim, but there was nothing extraordinary about the claim that justifies imposition of fees and costs. Healthmate's request for fees and costs under the Lanham Act is therefore denied.

### B. Healthmate's Copyright Claims

The copyright claims were resolved at trial. The jury was provided six different Verdict Forms: three for Rampant Lion, related to each of Healthmate's three infringement claims, and three for French, also related to each of Healthmate's three infringement claims. The jury found for Healthmate on two of the three copyright infringement claims against Rampant Lion and awarded Healthmate $750 on each, but found for Rampant Lion on the third infringement claim. (Doc. 241, pp. 1-3.) The jury found for French on all three copyright claims. (Doc. 241, pp. 4-6.). Healthmate requested equitable relief after the trial, but its request was denied. (Doc. 280.)

The Copyright Act provides that "the court may allow the recovery of full costs by or against any party" and "may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. "The decision to award attorneys' fees to a prevailing party under § 505 is a matter for the district court's 'equitable discretion,' to be exercised in an evenhanded manner by considering factors such as whether the lawsuit was frivolous or unreasonable, the losing litigant's motivations, the need in a particular case to compensate or deter, and the purposes of the Copyright Act." *Action Tapes, Inc. v. Mattson,* 462 F.3d 1010, 1014 (8th Cir. 2006) (citing *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534 & n.19 (1994). The Court should also consider the objective reasonableness of the losing party's litigation position. *Kirtsaeng v. John Wiley & Sons, Inc.,* 136 S. Ct. 1979, 1986-89 (2016). However, the initial step remains identification of the prevailing party.

## *1. Defendants' Entitlement to Fees Under § 505*

French and Rampant Lion contend that each of them, viewed separately, are prevailing parties on the copyright claims, (*e.g.,* Doc. 276, p. 7), and for that reason they are entitled to the fees they collectively incurred. They first point out that French successfully defended all three copyright claims against him. Defendants then acknowledge that Rampant Lion lost two of the three copyright claims, but insist that it was nonetheless a prevailing party because (1) the relief awarded was minimal in comparison to the relief Healthmate requested and (2) Rampant Lion prevailed on one of the three copyright claims. Defendants then present a total bill for their combined defense without differentiating between work done on behalf of French and work done on behalf of Rampant Lion. Healthmate contests Rampant Lion's status as a prevailing party, and further contends Defendants' motion should be denied because there is no distinction between Rampant Lion's and French's fees. The Court agrees with Healthmate.

French and Rampant Lion were separate defendants, but the case was presented without much differentiation between them. The focal point of the litigation was whether the three copyrights were infringed, and there was little discussion or consideration of the separate parties. Because French and Rampant Lion were not treated by either side as separate parties for much of this litigation, the Court believes it inappropriate to consider French and Rampant Lion separately for purposes of determining whether either of them prevailed. Given the issues and the manner in which this case was litigated, Defendants are more appropriately viewed as a single unit, and from that perspective Plaintiff demonstrated that two of its three copyrights were infringed. Therefore, Defendants were not prevailing parties, *see Christopher & Banks Corp. v. Dillard's, Inc.,* 805 F. Supp. 2d 693, 696-97 & n.3 (S.D. Iowa 2011) (collecting cases to discuss what it means to be a prevailing party), so they are not eligible for a fee award.

The Court's decision would not change even if it considered French and Rampant Lion separately. Under this approach to the issue, Rampant Lion would not be a prevailing party because it lost two of the three claims asserted against it and was ordered to pay Healthmate money. Defendants emphasize the (minimal) degree of relief Healthmate received. The extent of Healthmate's success might be a factor in determining how much to award *Healthmate* for attorney fees, but the fact that Healthmate prevailed on two of the three claims precludes a determination that Rampant Lion prevailed over Healthmate. Therefore, Rampant Lion is not entitled to any of its fees. French, considered alone, could be considered a prevailing party, but Defendants presented a single bill for their collective fees and provided no method for determining how much of the bill was for French's defense. There is no suggestion that counsel engaged in any "extra" legal effort because there were two defendants and not one, or that French incurred any fees over and above what was necessary for Rampant Lion's unsuccessful defense. Defendants failed to provide a basis for determining French's reasonable fees, so the Court cannot award French fees even if he should be considered separately from Rampant Lion.[6]

## *2. Healthmate's Entitlement to Fees Under Section 505*

Healthmate did not request fees pursuant to section 505. Its motion does not cite section 505, identify and apply the statute's governing standards to this case, or otherwise seek attorney's fees because it prevailed on two of the copyright claims. Healthmate's motion mentions its victory on two of the three copyright claims against Rampant Lion, but only to (1) further justify its request for fees under the Lanham Act, (Doc. 255, p. 6), and (2) argue that the copyright claims and the Lanham Act claims were inextricably intertwined so its requested fees for prevailing under the Lanham Act should include the fees related to the copyright claims.

---

[6] The Court's conclusions make it unnecessary to consider the factors listed in *Action Tapes*, *Fogerty*, and *Kirtsaeng*.

7

(Doc. 255, pp. 6-7.)[7]  Because of Healthmate's failure to seek fees under section 505 or apply the cases construing § 505, the Court is disinclined to rely on the Copyright Act as a basis for awarding fees to Healthmate.[8]

### III.  CONCLUSION

For the reasons stated above, both motions for fees and costs are **DENIED**.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
DATE:  October 31, 2017                UNITED STATES DISTRICT COURT

---

[7] The Court does not necessarily agree that the copyright and Lanham Act claims were inextricably intertwined, but the Court's rulings make it unnecessary to fully consider this issue.

[8] Healthmate cites section 505 in its reply suggestions in support of its motion for fees, (Doc. 271, p. 1), but does not discuss the governing standards applicable to a fee award under that statute.  Regardless, the Court generally does not consider arguments presented for the first time in a party's reply suggestions.  Healthmate also discusses the matter in response to Defendants' motion for fees under section 505, but only to dispute Rampant Lion's claim that it was the prevailing party. (Doc. 270, p. 7.)  This discussion does not constitute a request for fees by Healthmate.